# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>  vs.<br>GUSTAVO GAYTAN-SALIM,<br><br>                       Defendant. | CASE NO. 14cr1123-LAB-1 and 15cv2531-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

Pursuant to a plea agreement Defendant Gustavo Gaytan-Salim pled guilty to importation of methamphetamine. The Court denied him a minor role adjustment, and sentenced him to 75 months' imprisonment. The plea agreement waived appeal, unless the Court denied minor role adjustment or sentenced Gaytan-Salim above the high end of the guideline range recommended by the government as provided in the plea agreement.

The government made a sentencing recommendation that complied with the plea agreement. (*Compare* Docket no. 13 (Plea Agreement) at 8:1–10 *with* Docket no. 18 (Government's Sentencing Summary Chart).) The Defendant's resulting guideline range was 108 to 130 months. But the Court imposed a sentence <u>below</u> the guideline range. Gaytan-Salim therefore waived appeal on all grounds other than denial of minor role. He ultimately appealed on that ground, but his appeal was unsuccessful. He now renews his argument that the Court wrongfully denied a minor role adjustment.

The arguments Gaytan-Salim raises have no merit. He claims that his sentence was based on his importation of 17 pounds (8 kilograms) of actual methamphetamine, but should instead have been based on a mixture containing methamphetamine. (Docket no. 43[1] at 4.) He does not say what he thinks the actual purity was, but he apparently feels it wasn't high. (*Id.* at 5.)

In fact, the Court's denial of minor role was not based on the purity of the methamphetamine. Instead, the Court reasoned that a drug organization was unlikely to entrust a heavy load of methamphetamine to an unwilling and nervous first-timer, which is what Gaytan-Salim claimed to be. (*See* Docket no. 36 (Sentencing Hrg. Tr.) at 17:6–20, 36:12–37:11.) The Court did not assume the methamphetamine was 100% pure, but treated the weight of the drugs as the "gross weight." (*Id.*, 17:6.) Moreover, the Court gave other reasons for denying minor role, besides the weight of the drugs. The reasons included the amount of planning and time the offense involved, and the fact that Gaytan-Salim turned over his own father-in-law's car to be loaded with drugs by the organization. (*See id.* at 15:3–8, 16:23–17:6, 18:17–21, 37:12–19.)

Gaytan-Salim postulates that he was "set up" by someone to be caught at the border, and that the drug organization knew he was going to be caught. (Docket no. 43 at 6–7.) This is unsupported by the record, and beside the point. The Defendant pled guilty to importing methamphetamine, thereby waiving his defenses to the charge.

Additionally, Gaytan-Salim did not raise any of these arguments on appeal. *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994) (holding that nonconstitutional errors that could have been raised on direct appeal may not generally be raised by § 2255 motion). He attributes the lapse to his attorney's ineffectiveness. Even assuming this would excuse his failure to raise the arguments on appeal, his attorney was not ineffective because he did not make meritless arguments, *see Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001), nor for choosing to focus on stronger arguments. *See Jones v. Barnes*, 463 U.S.

///

---

[1] All references are to the docket in the criminal case.

745, 752–53 (1983) (explaining that counsel may abandon weaker arguments on appeal and focus on key issues which present the most promising grounds for relief).

The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: November 25, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge